# COMPOSITE EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us     My Account     

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### ANTHONY BURGOS VS DESIGNER FRAGRANCES & COSMETICS COMPANY ET AL

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2019-017539-CA-01 | **Filing Date:** | 06/11/2019 |
| **State Case Number:** | 132019CA017539000001 | **Judicial Section:** | CA02 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

## 👥 Parties

Total Of Parties: 4 ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Burgos, Anthony | **B#: (Bar Number)**363103 <br> **N: (Attorney Name)**Paul A Sack | |
| Defendant | Designer Fragrances & Cosmetics Company | **B#: (Bar Number)**948799 <br> **N: (Attorney Name)**Sherril M Colombo | |
| Defendant AKA | Kiehls | **B#: (Bar Number)**948799 <br> **N: (Attorney Name)**Sherril M Colombo | |
| Defendant | L OREAL USA, INC. | **B#: (Bar Number)**948799 <br> **N: (Attorney Name)**Sherril M Colombo | |

## 🔨 Hearing Details

Total Of Hearings: 1 ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| 05/22/2020 | 9:45AM | CMC | Case Management Conference | |

## 🔊 Dockets

Total Of Dockets: 29 ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 25 | 07/09/2020 | | Motion to Set Aside Default | Event | |
| 📄 | 24 | 07/09/2020 | | Order Setting Aside Default | Event | **IS HEREBY GRANTED** |
| 📄 | 23 | 07/07/2020 | | Motion for Extension of Time | Event | Parties: Designer Fragrances & Cosmetics Company; L OREAL USA INC. |
| 📄 | 22 | 07/07/2020 | | Notice of Appearance | Event | Parties: Sherril M Colombo; Designer Fragrances & Cosmetics Company; Kiehls; L OREAL USA INC. |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 21 | 06/03/2020 | | Receipt: | Event | **RECEIPT#:2660065 AMT PAID:$10.00 NAME:PAUL A SACK 1210 WASHINGTON AVENUE SUITE 245 MIAMI BEACH FL 33139 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00** |
| | 20 | 06/03/2020 | | Receipt: | Event | **RECEIPT#:2660063 AMT PAID:$10.00 NAME:PAUL A SACK 1210 WASHINGTON AVENUE SUITE 245 MIAMI BEACH FL 33139 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00** |
| | | 06/02/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 19 | 06/02/2020 | | ESummons 20 Day Issued | Event | Parties: L OREAL USA INC. |
| | | 06/02/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 18 | 06/02/2020 | | ESummons 20 Day Issued | Event | Parties: Designer Fragrances & Cosmetics Company |
| 📄 | 17 | 06/02/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 16 | 06/02/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 15 | 05/26/2020 | | Order on Case Management Plan | Event | |
| | | 05/22/2020 | | Case Management Conference | Hearing | **CMC** |
| 📄 | 14 | 05/12/2020 | | Mot to File Amended Complaint | Event | |
| 📄 | 13 | 05/12/2020 | | Notice: | Event | |
| 📄 | 12 | 04/27/2020 | | Order Setting Management Conference | Event | **ON 05-22-2020 AT 9:45AM** |
| 📄 | 11 | 01/08/2020 | | Default | Event | Parties: Designer Fragrances & Cosmetics Company |
| 📄 | 10 | 10/18/2019 | | Amended Motion | Event | **FOR CLERK S DEFAULT** |
| 📄 | 9 | 10/11/2019 | | Notice of Filing: | Event | **VERIFIED RETURN OF SERVICE** |
| 📄 | 8 | 09/24/2019 | | Motion for Default | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 7 | 09/24/2019 | | Service Returned | Event | |
| | 6 | 06/26/2019 | | Receipt: | Event | **RECEIPT#:3540103 AMT PAID:$10.00 NAME:PAUL A SACK 1130 WASHINGTON AVE STE 3 MIAMI BEACH FL 33139-4600 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00** |
| | | 06/25/2019 | | 20 Day Summons Issued | Service | |
| | 5 | 06/25/2019 | | ESummons 20 Day Issued | Event | Parties: Designer Fragrances & Cosmetics Company |
| | 4 | 06/24/2019 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 06/13/2019 | | Receipt: | Event | **RECEIPT#:3530113 AMT PAID:$401.00 NAME:PAUL A SACK 1130 WASHINGTON AVE STE 3 MIAMI BEACH FL 33139-4600 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.** |
| | 2 | 06/11/2019 | | Complaint | Event | |
| | 1 | 06/11/2019 | | Civil Cover | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us





# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.





## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Anthony Burgos</u>
 Plaintiff
         vs.
<u>Designer Fragrances & Cosmetics Company</u>
Defendant

---

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐   Business governance
   ☐   Business torts
   ☐   Environmental/Toxic tort
   ☐   Third party indemnification
   ☐   Construction defect
   ☐   Mass tort
   ☐   Negligent security
   ☐   Nursing home negligence
   ☐   Premises liability – commercial
   ☐   Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐   Commercial foreclosure $0 - $50,000
   ☐   Commercial foreclosure $50,001 - $249,999
   ☐   Commercial foreclosure $250,000 or more
   ☐   Homestead residential foreclosure $0 – 50,000
   ☐   Homestead residential foreclosure $50,001 - $249,999
   ☐   Homestead residential foreclosure $250,000 or more
   ☐   Non-homestead residential foreclosure $0 - $50,000
   ☐   Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐   Malpractice – business
   ☐   Malpractice – medical
   ☐   Malpractice – other professional
☒ Other
   ☐   Antitrust/Trade Regulation
   ☐   Business Transaction
   ☐   Circuit Civil - Not Applicable
   ☐   Constitutional challenge-statute or ordinance
   ☐   Constitutional challenge-proposed amendment
   ☐   Corporate Trusts
   ☒   Discrimination-employment or other
   ☐   Insurance claims
   ☐   Intellectual property
   ☐   Libel/Slander
   ☐   Shareholder derivative action
   ☐   Securities litigation
   ☐   Trade secrets
   ☐   Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.      REMEDIES SOUGHT** (check all that apply):
☒    Monetary;
☐    Non-monetary declaratory or injunctive relief;
☐    Punitive

**IV.      NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

2

**V.      IS THIS CASE A CLASS ACTION LAWSUIT?**
☐    Yes
☒    No

**VI.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒    No
☐    Yes – If "yes" list all related cases by name, case number and court:

**VII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒    Yes
☐    No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Paul A Sack        FL Bar No.: 363103
          Attorney or party                                                  (Bar number, if attorney)

Paul A Sack      06/11/2019
          (Type or print name)                                        Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:

ANTHONY BURGOS,

     Plaintiff,

vs.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S,

     Defendant.

_____/

## COMPLAINT

Plaintiff, ANTHONY BURGOS, brings this action against Defendant, DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S ("DESIGNER"), and alleges as follows:

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs, and fees.

2.    At all times material hereto, Plaintiff was a Florida resident and resident of Miami-Dade County and an "employee" of Defendant as defined by the applicable law referenced herein.

3.    At all times material hereto, Defendant, DESIGNER, was a corporation with a place of business in Miami-Dade County at or about 540 Lincoln Road, Miami Beach, Florida 33139, engaged in commerce in the field of makeup retail and/or skin care retail and/or other retail, at all times material hereto was the "employer" of Plaintiff as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred Thousand ($500,000.00) Dollars or more. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant providing retail services. The work performed by the Plaintiff was directly essential to the business performed by Defendant.

4.    Defendant, DESIGNER, discriminated against Plaintiff on the basis of race and/or ethnicity and/or origin.

5.    Plaintiff is of Puerto Rican descent and/or is African American.  Plaintiff was

1

(f) On or about June 2016, Defendant, DESIGNER's, Plaintiff was with the assistant manager Tizaira Velasquez and she approached him to go to the back for education. She mentioned to the manager on duty Nina Libron (full time manager on duty) that Anthony (Plaintiff) and I are going to the back to work on education. Nina Libron replied "Black's to the back". This was said with the purpose and had the effect of disparaging Plaintiff. This constituted discrimination and harmed Plaintiff. Plaintiff communicated to manager Nina Libron that it was inappropriate. Tizaira Velasquez essentially shrugged;

(g) Nina Libron acted eradicate towards Plaintiff. On or about August 2015, Nina Libron told Plaintiff to leave the store. She started screaming at Plaintiff, I cannot believe you told Chad (the regional manager) about the blacks to the back comment; she then asked Plaintiff to leave and said if he does not leave, then that is insubordination. Shortly after, the assistant manager Tizaira Velasquez called Plaintiff and essentially said you should come back because they might say you abandoned your shift. Plaintiff said essentially well you were there when she said I should leave, etc.

(h) They made Plaintiff a part-time MOD (manager on duty) at one point, however, they did not give Plaintiff the full time position and he was denied the position at least three or four times in furtherance of the discrimination; despite that Plaintiff was one of the highest producing people and was with the company for years;

(i) It was clear to Plaintiff and others that Plaintiff was being discriminated against; Plaintiff was periodically contacted by HR, and he expressed these concerns to HR; shortly after, Plaintiff would get a warning from the HR person;

(j) Upon information and belief, there have been multiple and repeated complaints of discrimination of a similar type and frequency and of other types by other employees against Defendant, DESIGNER, including without limitation throughout and following the entire period of time worked by Plaintiff;

(k) Human Resource personnel were rotated and terminated multiple times as a result of the ongoing discrimination; and/or

(l) There were many other instances of discriminatory conduct by Defendant, DESIGNER. Many people repeatedly left because of the toxic environment.

## COUNT I: FLORIDA DISCRIMINATION CLAIM

8.      Plaintiff re-alleges **Paragraphs 1-7** as if fully set forth herein.

9.      This Count is a claim for damages brought by Plaintiff against Defendant, DESIGNER, under, Florida's employment discrimination laws, including the Florida Civil Rights Act and Fla. Stat. § 760.10. Venue is  proper because the events giving rise to this claim arose in Miami-Dade County.

10.     Defendant was an employer of Plaintiff; Plaintiff was an employee protected by the

3

Florida Civil Rights Act and Fla. Stat. § 760.10, and Defendant was an employer subject to the Florida Civil Rights Act and Fla. Stat. § 760.10.

11.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.

12.     Plaintiff has retained the services of the undersigned to represent him in this action and is obliged to pay for the legal services provided.

13.     Defendant, DESIGNER's, employees and/or agents discriminated against Plaintiff.

14.     The discrimination was used as the basis for employment decisions affecting Plaintiff and negatively affected the terms, conditions, and privileges of his employment and harmed Plaintiff.

15.     In response to Plaintiff's complaints, he was reprimanded. Management and/or employees were malicious and cruel and treated Plaintiff in a demeaning manner; management both directed and permitted Defendant, DESIGNER, and Defendant, DESIGNER's, agents to punish Plaintiff for reporting discrimination.

16.     Management punished him with fake disciplinary write-ups.

17.     By Defendant, DESIGNER's, intentional and willful conduct, actions, and omissions, Defendant condoned and encouraged discrimination of Plaintiff.

18.     Plaintiff was treated differently and in a disparate manner than white employees and/or employees of different ethnicity and/or of different race because of the discrimination.

19.     Plaintiff was treated differently and in a disparate manner than employees who were not African American and/or was treated differently than those who were not Puerto Rican.

20.     Defendant acted with malice and reckless indifference in its actions. The severe and pervasive discrimination created a hostile environment that interfered with Plaintiff's work performance and created an intimidating and offensive work environment. The discrimination and mistreatment was well known to other agents and employees.

21.     Plaintiff's complaints of discrimination were disregarded, and submission to the discrimination was implicitly a term or condition of Plaintiff's employment and continued employment.

22.     This discrimination constituted discrimination because of race and/or because of ethnicity and/or because of origin.

23.     The conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment.

24.     Plaintiff seeks recovery of all attorneys' fees and costs recoverable under the law referenced herein; Florida's Civil Rights Act; and all other applicable law.

**WHEREFORE,** the Plaintiff demands Trial by Jury, judgment against the Defendant for damages suffered, attorneys' fees; and such other relief as the Court may deem just and proper.

## COUNT II: TITLE VII DISCRIMINATION

25.     Plaintiff re-alleges Paragraphs 1-7 as if fully set forth herein.

26.     This Count is a claim for damages brought by Plaintiff, Maribel Rivera, against Defendant, 2K Clevelander, LLC, under, Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a. Venue is proper because the events giving rise to this claim arose in Miami-Dade County.

27.     Defendant was an employer of Plaintiff; Plaintiff was an employee protected by Title VII, and Defendant was an employer subject to Title VII.

28.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.

29.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.

30.     Plaintiff has retained the services of the undersigned to represent him in this action and is obliged to pay for the legal services provided.

31.     The discrimination was used as the basis for employment decisions affecting Plaintiff and negatively affected the terms, conditions, and privileges of his employment and harmed Plaintiff.

32.     In response to Plaintiff's complaints, he was reprimanded. Management and/or

5

employees were malicious and cruel and treated Plaintiff in a demeaning manner; management both directed and permitted Defendant, DESIGNER, and Defendant, DESIGNER's, agents to punish Plaintiff for reporting discrimination.

33.     Management punished him with fake disciplinary write-ups.

34.     By Defendant, DESIGNER's, intentional and willful conduct, actions, and omissions, Defendant condoned and encouraged discrimination of Plaintiff.

35.     Plaintiff was treated differently and in a disparate manner than white employees and/or employees of different ethnicity and/or of different race because of the discrimination.

36.     Plaintiff was treated differently and in a disparate manner than employees who were not African American and/or was treated differently than those who were not Puerto Rican.

37.     Defendant acted with malice and reckless indifference in its actions. The severe and pervasive discrimination created a hostile environment that interfered with Plaintiff's work performance and created an intimidating and offensive work environment. The discrimination and mistreatment was well known to other agents and employees.

38.     Plaintiff's complaints of discrimination were disregarded, and submission to the discrimination was implicitly a term or condition of Plaintiff's employment and continued employment.

39.     This discrimination constituted discrimination because of race and/or because of ethnicity and/or because of origin.

40.     The conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment.

41.     Plaintiff seeks recovery of all attorneys' fees and costs under Title VII; under 42 USC § 2000e-5(k); and all other applicable law.

**WHEREFORE,** the Plaintiff demands Trial by Jury, judgment against the Defendant for damages suffered, attorneys' fees; and such other relief as the Court may deem just and proper. Dated this 11th day of June, 2019

Respectfully submitted,

LAW OFFICES OF PAUL A. SACK, P.A.
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile:  305-763-8057

By:    /s/ *Paul A. Sack*
PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
Ps1619@bellsouth.net
R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com

**EXHIBIT A**



INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA)**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA)**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 - not 12/1/10 - in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Anthony Burgos
1667 Jefferson Ave
Apt. 6
Miami Beach, FL 33139

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-04085 | Yolanda Ramirez, Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

Michael J. Farrell,
District Director

MAR 13 2019
(Date Mailed)

cc: Giordano Vita
VP of Human Resources
Kiehl's / L'oreal USA, Inc.
10 Hudson Yards
New York, NY 10001

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**DIVISION      CIVIL ACTION SUMMONS      CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(   ) Other

**PLAINTIFF  vs.  DEFENDANTS**

**CLOCK IN**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**   to serve this summons, and a copy of the **Complaint** in this action on the following named Defendant:

  **TO:    DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S**
    **c/o Registered Agent:**
    **Corporation Service Company**
    **1201 Hays Street**
    **Tallahassee, Florida 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:   Paul A. Sack, Esq.

Whose address is:    PAUL A. SACK, ESQ.
    1130 Washington Avenue
    Suite 3
    Miami Beach, Florida 33139

Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.


**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        DATE_____
                                        Deputy Clerk


                                                            COURT SEAL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**DIVISION       CIVIL ACTION SUMMONS       CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(    ) Other

**PLAINTIFF  vs.  DEFENDANTS**

**CLOCK IN**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**   to serve this summons, and a copy of the **Complaint** in this action on
the following named Defendant:

> **TO:    DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S**
> **c/o Registered Agent:**
> **Corporation Service Company**
> **1201 Hays Street**
> **Tallahassee, Florida 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's
Attorney:   Paul A. Sack, Esq.

Whose address is:      PAUL A. SACK, ESQ.
1130 Washington Avenue
Suite 3
Miami Beach, Florida 33139

Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        DATE 6/25/2019
                                    Deputy Clerk

COURT SEAL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

     Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY;

     Defendant.

_____/

**NOTICE OF FILING VERIFIED RETURN OF SERVICE**

Plaintiff, ANTHONY BURGOS, by and through undersigned counsel, files this his

Notice of Filing Verified Return of Service on Defendant, Designer Fragrances & Cosmetics

Company

Dated: This 24th day of September, 2019.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 WASHINGTON AVENUE, SUITE 245
MIAMI BEACH, FLORIDA 33139
Tel:   305-397-8077
Fax:   305-763-8057

By:   */s/ Paul A. Sack* _____
       PAUL A. SACK, ESQ.
       FBN: 363103
       Primary: paul@paulsacklaw.com
       Secondary: ps1619@bellsouth.net
       R. BRANDON DEEGAN, ESQ.
       FBN: 117368
       Primary: deegan@paulsacklaw.com

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2019-017539-CA-01

Plaintiff:
**ANTHONY BURGOS,**

vs.

Defendant:
**DISIGNER FRAGRANCES & COSMETICS COMPANY,**

For:
PAUL SACK
PAUL A. SACK, ESQ.
1130 WASHINGTON AVENUE
MIAMI BEACH,. FL 33139

Received by ESTASERVE on the 21st day of August, 2019 at 5:28 pm to be served on **DESIGNER FRAGRANCES & COSMETICS COMPANY D/B/A KIEHL'S C/O REGISTERED AGENT CORPORATION SERVICE CO., 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **22nd day of August, 2019** at **12:20 pm, I:**

served a **CORPORATION** by **serving** a true copy of the **CIVIL ACTION SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **KANEISHA GROSS** as **CLERK FOR RA** for **DESIGNER FRAGRANCES & COSMETICS COMPANY D/B/A KIEHL'S C/O REGISTERED AGENT CORPORATION SERVICE CO.**, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3)**.

**Additional Information pertaining to this Service:**
KANEISHA   GROSS, CLERK FOR RA, BF 25 YRS 5'7 170 LBS BLACK HAIR NO GLASSES

Under penalty of perjury,  I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I  that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge..  Pursuant to F.S. 92.525(2), Notary not required.

ERIC L. LARSON
CPS #063, 2ND JUDICIAL CIRCUIT

ESTASERVE
4215 Sw 143rd Ave
Miami, FL 33175
(786) 399-0003

Our Job Serial Number: JES-2019001389
Ref: 1389

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**DIVISION**     **CIVIL ACTION SUMMONS**     **CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(    ) Other

**PLAINTIFF  vs.  DEFENDANTS**

**ANTHONY BURGOS,**                                                           **CLOCK IN**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**  to serve this summons, and a copy of the **Complaint** in this action on
the following named Defendant:

**TO:**     **DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S**
            **c/o Registered Agent:**
            **Corporation Service Company**
            **1201 Hays Street**
            **Tallahassee, Florida 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's
Attorney:  Paul A. Sack, Esq.

Whose address is:     PAUL A. SACK, ESQ.
                      1130 Washington Avenue
                      Suite 3
                      Miami Beach, Florida 33139

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

      Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S;

      Defendant.

_____/

**MOTION FOR CLERK'S DEFAULT**

      Plaintiff, Anthony Burgos ("Plaintiff"), having properly served Defendant, Designer Fragrances & Cosmetics Company d/b/a Kiehl's ("Defendant"), moves for entry of a default by the Clerk against Defendant for failure to serve any paper required by law.

      **I HEREBY CERTIFY** that a true and correct copy hereof was filed with Florida's E-Filing Portal and thereby served upon all counsel of record on September 24, 2019.

                   By:   */s/ Paul A. Sack*
                           Paul A. Sack, Esq.
                           Fla. Bar No.:  363103
                           Primary:  paul@paulsacklaw.com
                           **Law Offices of Paul A. Sack, P.A.**
                           1210 Washington Avenue, Suite 245
                           Miami Beach, Florida 33139
                           Tel: 305-397-8077 Fax: 305-763-8057

                           **DEFAULT**

      A Default is entered in this action against the Defendant named in the foregoing motion for failure to serve or file any paper as required by law.

      **WITNESS** my hand and seal of said Court on _____

                           **Harvey Ruvin**
                           **As Clerk of the Court**

                           **By:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

     Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY;

     Defendant.

_____/

## AMENDED NOTICE OF FILING VERIFIED RETURN OF SERVICE

Plaintiff, ANTHONY BURGOS, by and through undersigned counsel, files this his Amended Notice of Filing Verified Return of Service on Designer Fragrances & Cosmetic Company.

Dated: This 11th day of October, 2019.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 WASHINGTON AVENUE, SUITE 245
MIAMI BEACH, FLORIDA 33139
Tel:   305-397-8077
Fax:   305-763-8057

By:   */s/ Paul A. Sack*
       PAUL A. SACK, ESQ.
       FBN: 363103
       Primary: paul@paulsacklaw.com
       Secondary: ps1619@bellsouth.net
       R. BRANDON DEEGAN, ESQ.
       FBN: 117368
       Primary: deegan@paulsacklaw.com

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2019-017539-CA-01

Plaintiff:
**ANTHONY BURGOS,**

vs.

Defendant
**DISIGNER FRAGRANCES & COSMETICS COMPANY,**

For:
PAUL SACK
PAUL A. SACK, ESQ.
1130 WASHINGTON AVENUE
MIAMI BEACH,, FL 33139

Received by ESTASERVE on the 21st day of August, 2019 at 5:28 pm to be served on **DESIGNER FRAGRANCES & COSMETICS COMPANY D/B/A KIEHL'S C/O REGISTERED AGENT CORPORATION SERVICE CO., 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, ERIC L. LARSON, do hereby affirm that on the **22nd day of August, 2019** at **12:20 pm, I:**

served a CORPORATION by **serving** a true copy of the CIVIL ACTION SUMMONS AND COMPLAINT with the date and hour of service endorsed thereon by me, to: **KANEISHA GROSS** as CLERK FOR RA for **DESIGNER FRAGRANCES & COSMETICS COMPANY D/B/A KIEHL'S C/O REGISTERED AGENT CORPORATION SERVICE CO.,** at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301,** and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3).**

**Additional Information pertaining to this Service:**
KANEISHA   GROSS, CLERK FOR RA, BF 25 YRS 5'7 170 LBS BLACK HAIR NO GLASSES

Under penalty of perjury,  I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I  that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2). Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**ESTASERVE**
**4215 Sw 143rd Ave**
**Miami, FL 33175**
**(786) 399-0003**

Our Job Serial Number: JES-2019001389
Ref: 1389

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DIVISION      CIVIL ACTION SUMMONS      CASE NUMBER: 2019-017539-CA-01

( X ) Civil

(   ) Other

PLAINTIFF  vs.  DEFENDANTS

                                        CLOCK IN

ANTHONY BURGOS,

vs.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED**   to serve this summons, and a copy of the **Complaint** in this action on
the following named Defendant:

> TO:   DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S
>       c/o Registered Agent:
>       Corporation Service Company
>       1201 Hays Street
>       Tallahassee, Florida 32301-2525

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's
Attorney:  Paul A. Sack, Esq.

Whose address is:      PAUL A. SACK, ESQ.
                       1130 Washington Avenue
                       Suite 3
                       Miami Beach, Florida 33139

Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        DATE 6/25/2019

COURT SEAL

Case 1:20-cv-22952-RR Document 1-2 Entered on FLSD Docket 07/16/2020 Page 28 of 68

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

       Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S;

       Defendant.

_____/

**<u>AMENDED MOTION FOR CLERK'S DEFAULT</u>**

     Plaintiff, Anthony Burgos ("Plaintiff"), having properly served Defendant, Designer Fragrances & Cosmetics Company d/b/a Kiehl's ("Defendant"), moves for entry of a default by the Clerk against Defendant for failure to serve any paper required by law.

     **I HEREBY CERTIFY** that a true and correct copy hereof was filed with Florida's E-Filing Portal and thereby served upon all counsel of record on October 18, 2019.

                             By:   */s/ Paul A. Sack*
                                     Paul A. Sack, Esq.
                                     Fla. Bar No.: 363103
                                     Primary: paul@paulsacklaw.com
                                     **Law Offices of Paul A. Sack, P.A.**
                                     1210 Washington Avenue, Suite 245
                                     Miami Beach, Florida 33139
                                     Tel: 305-397-8077 Fax: 305-763-8057

**DEFAULT**

     A Default is entered in this action against the Defendant named in the foregoing motion for failure to serve or file any paper as required by law.

     **WITNESS** my hand and seal of said Court on _____

                                       **Harvey Ruvin**
                                       **As Clerk of the Court**

                                     **By:**

Filing # 97535503 E-Filed 10/18/2019 03:40:11 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

     Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S;

     Defendant.

_____/

## AMENDED MOTION FOR CLERK'S DEFAULT

Plaintiff, Anthony Burgos ("Plaintiff"), having properly served Defendant, Designer Fragrances & Cosmetics Company d/b/a Kiehl's ("Defendant"), moves for entry of a default by the Clerk against Defendant for failure to serve any paper required by law.

**I HEREBY CERTIFY** that a true and correct copy hereof was filed with Florida's E-Filing Portal and thereby served upon all counsel of record on October 18, 2019.

By:    */s/ Paul A. Sack*
        Paul A. Sack, Esq.
        Fla. Bar No.: 363103
        Primary: paul@paulsacklaw.com
        **Law Offices of Paul A. Sack, P.A.**
        1210 Washington Avenue, Suite 245
        Miami Beach, Florida 33139
        Tel: 305-397-8077 Fax: 305-763-8057

### DEFAULT

A Default is entered in this action against the Defendant named in the foregoing motion for failure to serve or file any paper as required by law.

**WITNESS** my hand and seal of said Court on ___JAN - 8 2020___

        **Harvey Ruvin**
        **As Clerk of the Court**

        **By:**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2019-017539-CA-01</u>
SECTION: <u>CA02</u>
JUDGE: <u>Alan Fine</u>

**Anthony Burgos**

Plaintiff(s)

vs.

**Designer Fragrances & Cosmetics Company**

Defendant(s)

_____/

<u>**CASE MANAGEMENT ORDER**</u>

     This case is scheduled for a Case Management Conference in accordance with Rule 1.200(a), Florida Rules of Civil Procedure. The case management hearing is scheduled for <u>May 22nd, 2020</u> at <u>09:45 AM</u> before the Presiding Judge via Zoom (invite will be sent approximately one week before the hearing).

The purpose of this Case Management Conference is to resolve outstanding issues and determine what action is necessary to proceed towards case resolution. This Conference was scheduled due to the length of time that the subject case has been pending. At the Conference the Court may:

1. Schedule or reschedule the service of motions, pleadings and other papers;
2. Set or reset the time of trials, subject to Rule 1.440(c);
3. Coordinate the progress of action if the complex litigation factors contained in Rule 1.201(a)(2)(A)-(a)(2)(H) are present
4. Limit, schedule, order or expedite discovery;
5. Consider the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, and stipulations regarding authenticity of documents and electronic stored information;

6. Consider the need for advance rulings from the Court on the admissibility of documents and electronically stored information;

7. Discuss as to electronically stored information, the possibility of agreements from the parties regarding the extent to which such evidence should be preserved, the form in which such evidence should be produced, and whether discovery of such information should be conducted in phases or limited to particular individuals, time periods or sources;

8. Schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;

9. Schedule or hear motions in limine;

10. Pursue the possibilities of settlement;

11. Require finding of preliminary stipulations if issues can be narrowed;

12. Consider referring issues to a magistrate for findings of fact; and

13. Schedule other conferences or determine other matters that may aid in the disposition of the action.

### **Mandatory Case Management Report**

A Case Management Report shall be filed by each party with the Clerk of Court and served on opposing parties, with a courtesy copy delivered to the Court via Upload to CourtMAP as a supporting document to the CMC hearing.  This report shall be filed and delivered no later than ten (10) days prior to the scheduled Case Management Hearing Date.

The Case Management Report must include:

1. A brief summary of facts and theory of liability and/or defenses;
2. Pleading status;
3. Mediation efforts;
4. Status of outstanding discovery, including but not limited to depositions to be taken and hiring of experts;
5. A statement as to trial readiness.

If there has been no record activity in the case for the past 10 months, the parties must state in the Case Management Report as to good cause why the case should remain pending and as to intent and effort to prosecute the case.

**Scheduling of Dates**

Parties must bring their calendars to the Case Management Conference to schedule matters as deemed necessary by the Presiding Judge.

**UPON FAILURE OF COUNSEL TO ATTEND THE CASE MANAGEMENT CONFERENCE, THE COURT MAY DISMISS THE ACTION, STRIKE PLEADINGS, LIMIT PROOF OF WITNESSES OR TAKE ANY OTHER APPROPRIATE ACTION AS PROVIDED IN RULE 1.200(c), Fla. R. Civ. P.**

**THIS CASE MANAGEMENT CONFERENCE MAY NOT BE CANCELLED WITHOUT THE COURT'S WRITTEN PERMISSION.**

**STIPULATIONS TO CONTINUE WILL BE GRANTED ONLY UPON A SHOWING OF GOOD CAUSE.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 27th day of April, 2020.

2019-017539-CA-01 04-27-2020 11:31 PM
Hon. Alan Fine

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Paul A Sack, paul@paulsacklaw.com

Paul A Sack, ps1619@bellsouth.net

R. Brandon Deegan, deegan@paulsacklaw.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-017539-CA-01

ANTHONY BURGOS,

     Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S;

     Defendant.

_____/

## PLAINTIFF'S CASE MANAGEMENT REPORT

     Plaintiff, Anthony Burgos, by and through undersigned counsel, provides his Case Management Report as required by the "Case Management Order" of April 27, 2020 and states:

1. **A brief summary of facts and theory of liability;**

   a. Plaintiff has alleged that the following theories of liability:

      i. **Count I – Florida Discrimination Claim**
     ii. **Count II – Title VII Discrimination Claim**

        Plaintiff has alleged, *inter alia*, that Defendant(s) unlawfully discriminated against Plaintiff on the basis of ethnicity, race, and/or origin.

2. **Pleading status;**

   a. Plaintiff filed a Motion to Amend his Complaint, which is pending. A default was previously entered against Designer Fragrances & Cosmetics Company.

3. **Mediation efforts;**

   a. No mediation has been held.

4. **Status of outstanding discovery;**

   a. No outstanding discovery at this time.

5. **A statement as to trial readiness**

   a. Plaintiff has filed a Motion to Amend his Complaint. No Defendants have appeared.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court via the E-filing portal this 12th day of May, 2020.

1

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 WASHINGTON AVENUE, SUITE 245
MIAMI BEACH, FLORIDA 33139
Tel:    305-397-8077  Fax:   305-763-8057

By:    */s/ Paul A. Sack*_____
PAUL A. SACK, ESQ.
FBN:  363103
Primary: paul@paulsacklaw.com
Secondary: ps1619@bellsouth.net
R. BRANDON DEEGAN, ESQ.
FBN:  117368
Primary: deegan@paulsacklaw.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-017539-CA-01

ANTHONY BURGOS;

      Plaintiff,

vs.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S,

      Defendant.

_____/

## MOTION TO AMEND PLAINTIFF'S COMPLAINT

Plaintiffs, by and through his undersigned counsel, moves this Honorable Court for leave to Amend his Complaint and states:

1. Plaintiff seeks his first amendment to amend the Complaint to add Defendant, L'OREAL USA, INC d/b/a KIEHL's, and provide further detail.

2. A copy of Plaintiff's proposed Amended Complaint is attached hereto and marked as Exhibit "A."

3. According to the Florida Rules of Civil Procedure, Rule 1,190, leave to amend "should be given freely when justice so requires." As the Fourth District explained: "[L]eave to amend a complaint should be freely granted when justice so required and it should not be denied unless the privilege has been abused or it is clear the pleading cannot be amended to state a cause of action." Dryden Waterproofing, Inc. v. Bogard, 488 So.2d 672 (4th DCA 1986) (Reversing dismissal of fifth amended complaint on action pending over two years and noting that "The amended fifth complaint … should have been allowed" (internal citations omitted).

4. This is the First Amended Complaint. Defendant has not appeared nor filed a

responsive pleading and is in default;  no prejudice will occur to any party by granting leave to amend.

5.      Upon information and belief, Designer Fragrances & Cosmetics Company, who filed the fictional filing of "Kiehl's Since 1851" is a direct or indirect subsidiary of L'Oreal USA, Inc. who operates the Kiehl's brand.

6.      While no order is required to amend as to the Defendants who have not yet filed a responsive pleading, Plaintiff respectfully seeks an order in an abundance of caution.  <u>Boca Burger, Inc. v. Forum</u>, 912 So.2d 561, 567 (Fla. 2005).

**WHEREFORE**, Plaintiff moves this Honorable Court for an Order which adopts and recognizes the Proposed Amended Complaint (Exhibit "A") as filed in this action, and amends the case style to reflect both Defendants as parties to this action.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Courts via the Florida E-Filing Portal and thereby served upon all counsel of record this 12th day of May, 2020.

LAW OFFICES OF PAUL A. SACK, P.A.
1210 WASHINGTON AVENUE, STE. 245
MIAMI BEACH, FLORIDA 33139
Tel:    305-397-8077
Fax:    305-763-8057

By:     */s/ Paul A. Sack*
        PAUL A. SACK, ESQ.
        FBN:  363103
        Primary: paul@paulsacklaw.com
        Secondary: ps1619@bellsouth.net
        R. BRANDON DEEGAN, ESQ.
        FBN:  117368
        Primary: deegan@paulsacklaw.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-017539-CA-01

ANTHONY BURGOS,

      Plaintiff,

vs.

DESIGNER FRAGRANCES & COSMETICS COMPANY
d/b/a KIEHL'S and
L'OREAL USA, INC. d/b/a KIEHL'S,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, ANTHONY BURGOS, sues Defendants, DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC. (collectively "KIEHL'S"), and alleges as follows:

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of interest, costs, and fees.

2.     At all times material hereto, Plaintiff was a Florida resident and resident of Miami-Dade County and an "employee" of Defendants as defined by the applicable law referenced herein.

3.     At all times material hereto, Defendants, DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC., were corporations with a place of business in Miami-Dade County at or about 540 Lincoln Road, Miami Beach, Florida 33139, engaged in commerce in the field of makeup retail and/or skin care retail and/or other retail, at all times material hereto was the "employer" of Plaintiff as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred Thousand ($500,000.00) Dollars or more. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants providing retail services. The work performed by the Plaintiff was directly essential to the business performed by Defendants.

4.     Defendant, Designer Fragrances and Cosmetics Company, does business under "Kiehl's" and "Kiehl's Since 1851". The Defendant's fictional filing of "Kiehl's Since 1851" was

1

active at all times material hereto. [1]  Upon information and belief Defendant, Designer Fragrances and Cosmetics Company, is a direct or indirect subsidiary of "L'OREAL USA, INC." which operates under the name "KIEHL'S" and/or was under direct or indirect control of L'OREAL USA, INC. at all times material hereto. "KIEHL'S" was purchased by L'OREAL USA, INC. or one of the other L'OREAL related entities in approximately year 2000.  Defendants have faced lawsuits for the similar conduct alleged herein; were on notice of the conduct complained of herein and right to sue; and/or otherwise knew or should have known the claims would be asserted against it at all times material hereto.

5.     Defendants, KIEHL'S, discriminated against Plaintiff on the basis of race and/or ethnicity and/or origin.

6.     Plaintiff is of Hispanic/Puerto Rican descent and/or is African American, *i.e.*, "black" (hereinafter "African American").  Plaintiff was discriminated against on by Defendants, KIEHL'S, on one or more of these basis.  This occurred because Defendants, KIEHL'S, knew that Plaintiff was of Hispanic/Puerto Rican descent and/or was African American.  This also occurred because Defendants, KIEHL'S, believed that Plaintiff was of Hispanic/Puerto Rican descent and/or believed that Plaintiff was African American.

**7.     Plaintiff's RIGHT TO SUE LETTER is attached hereto as Exhibit A.**

8.     Upon information and belief, Defendants, KIEHL'S, including without limitation by and through its management, employees, and/or agents discriminated against Plaintiff, including without limitation by (exact facts to be discovered and/or provided throughout the course of discovery):

(a) When Plaintiff started working at Kiehl's in or about May 2015, Plaintiff was discriminated against.  Manager Jessie Rivas made comments that Plaintiff had aids face, on the basis of stereotypes as to African Americans having aids.  This was said with the purpose and had the effect of disparaging Plaintiff.  This constituted discrimination and harmed Plaintiff. Jessie Rivas said this multiple times to Plaintiff. Plaintiff complained to store manager Peter Rodriguez after repeated discriminatory comments made by Jessie Rivas to Plaintiff.  Peter Rodriguez essentially said "why are you being so dramatic". Plaintiff essentially said "why is it me responding and saying he said this make me dramatic?";

---

[1] Designer owned and operates under this "Kiehl's Since 1851" fictional name in Florida at all times material hereto. Subsequent to the filing of this lawsuit, it was discovered that both DESIGNER FRAGRANCES  and "L'OREAL USA, INC." were collectively defending as employers and had settled a discrimination suit based on discrimination against Plaintiff's fellow employee.  This Amended Complaint was subsequently filed adding Defendant, "L'OREAL USA, INC.".

2

(b) When Plaintiff mentioned the aids comment, corporate HR personnel Sean Fader called Plaintiff to the back with manager Peter Rodriguez and asked what happened; Sean Fader said essentially: we are going to write this off as playful banter between friends. Plaintiff said essentially "I don't think you clearly understand—I don't know this person outside of work—why are you writing this off as playful banter—the employment book said these types of comments are not proper in the workplace";

(c) Plaintiff experienced a backlash after this; *e.g.* Peter would come up and say essentially "you are under investigation for giving out too many samples" and words to the effect of "a customer said you were rushing them" and other ridiculous and fake matters (and other fake or exaggerated scenarios they were creating) to harass and annoy Plaintiff; these comments were made to cause Plaintiff to feel uneasy and to punish him for having reported discriminatory comments and/or were in furtherance of additional discrimination against Plaintiff; Plaintiff's hours also were cut in furtherance of the discrimination;

(d) The Assistant Manager approached Plaintiff and essentially said you are a great employee and it is not fair what is happening to you;

(e) Plaintiff exceeded work expectations throughout his employment. Despite this, Plaintiff was passed over for promotions and penalized in a discriminatory manner and for discriminator reasons;

(f) On or about June 2016, Defendants, KIEHL'S, Plaintiff was with the assistant manager Tizaira Velasquez and she approached him to go to the back for education. She mentioned to the manager on duty Nina Libron (full time manager on duty) that Anthony (Plaintiff) and I are going to the back to work on education. Nina Libron replied "Black's to the back". This was said with the purpose and had the effect of disparaging Plaintiff. This constituted discrimination and harmed Plaintiff. Plaintiff communicated to manager Nina Libron that it was inappropriate. Tizaira Velasquez essentially shrugged;

(g) Nina Libron acted eradicate towards Plaintiff. On or about August 2015, Nina Libron told Plaintiff to leave the store. She started screaming at Plaintiff, I cannot believe you told Chad (the regional manager) about the blacks to the back comment; she then asked Plaintiff to leave and said if he does not leave, then that is insubordination. Shortly after, the assistant manager Tizaira Velasquez called Plaintiff and essentially said you should come back because they might say you abandoned your shift. Plaintiff said essentially well you were there when she said I should leave, etc.

(h) They made Plaintiff a part-time MOD (manager on duty) at one point, however, they did not give Plaintiff the full time position and he was denied the position at least three or four times in furtherance of the discrimination; despite that Plaintiff was one of the highest producing people and was with the company for years;

(i) It was clear to Plaintiff and others that Plaintiff was being discriminated against; Plaintiff was periodically contacted by HR, and he expressed these concerns to HR;

shortly after, Plaintiff would get a warning from the HR person;

(j) Upon information and belief, there have been multiple and repeated complaints of discrimination of a similar type and frequency and of other types by other employees against Defendants, KIEHL'S, including without limitation throughout and following the entire period of time worked by Plaintiff;

(k) Human Resource personnel were rotated and terminated multiple times as a result of the ongoing discrimination; and/or

(l) There were many other instances of discriminatory conduct by Defendant, KIEHL'S. Many people repeatedly left because of the toxic environment.

### COUNT I: FLORIDA DISCRIMINATION CLAIM

9.      Plaintiff re-alleges **Paragraphs 1-8** as if fully set forth herein.

10.      This Count is a claim for damages brought by Plaintiff against Defendants, KIEHL'S, under, Florida's employment discrimination laws, including the Florida Civil Rights Act and Fla. Stat. § 760.10. Venue is  proper because the events giving rise to this claim arose in Miami-Dade County.

11.      Defendants were employers of Plaintiff; Plaintiff was an employee protected by the Florida Civil Rights Act and Fla. Stat. § 760.10, and Defendants were an employer subject to the Florida Civil Rights Act and Fla. Stat. § 760.10.

12.      Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.  In addition and/or in the alternative, the applicable statutory period has been tolled or equitably tolled and this action is timely.

13.      Plaintiff has retained the services of the undersigned to represent him in this action and is obliged to pay for the legal services provided.

14.      Defendants, KIEHL'S, employees and/or agents discriminated against Plaintiff.

15.      The discrimination was used as the basis for employment decisions affecting Plaintiff and negatively affected the terms, conditions, and privileges of his employment and harmed Plaintiff.

16.      In response to Plaintiff's complaints, he was reprimanded and retaliated against. Management and/or employees were malicious and cruel and treated Plaintiff in a demeaning

manner; management both directed and permitted Defendants, KIEHL'S, and Defendants, KIEHL'S, agents to punish Plaintiff for reporting discrimination.

17.    Management punished him with fake disciplinary write-ups.

18.    By Defendants, KIEHL'S, intentional and willful conduct, actions, and omissions, Defendants condoned and encouraged discrimination of Plaintiff.

19.    Plaintiff was treated differently and in a disparate manner than white employees and/or employees of different ethnicity and/or of different race because of the discrimination.

20.    Plaintiff was treated differently and in a disparate manner than employees who were not African American and/or was treated differently than those who were not Puerto Rican.

21.    Defendants acted with malice and reckless indifference in its actions. The severe and pervasive discrimination created a hostile environment that interfered with Plaintiff's work performance and created an intimidating and offensive work environment. The discrimination and mistreatment was well known to other agents and employees.

22.    Plaintiff's complaints of discrimination were disregarded, and submission to the discrimination was implicitly a term or condition of Plaintiff's employment and continued employment.

23.    This discrimination constituted discrimination because of race and/or because of ethnicity and/or because of origin.

24.    The conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment.

25.    Plaintiff seeks recovery of all attorneys' fees and costs recoverable under the law referenced herein; Florida's Civil Rights Act; and all other applicable law.

**WHEREFORE,** the Plaintiff demands Trial by Jury, judgment against the Defendants for damages suffered, attorneys' fees; and such other relief as the Court may deem just and proper.

## COUNT II: TITLE VII DISCRIMINATION

26.    Plaintiff re-alleges Paragraphs 1-8 as if fully set forth herein.

27.        This Count is a claim for damages brought by Plaintiff, Anthony Burgos, against Defendants, KIEHL'S, under, Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a. Venue is proper because the events giving rise to this claim arose in Miami-Dade County.

28.    Defendants were an employer of Plaintiff; Plaintiff was an employee protected by Title VII, and Defendant was an employer subject to Title VII.

29.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.  In addition and/or in the alternative, the applicable statutory period has been tolled or equitably tolled and this action is timely.

30.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued to Plaintiff a Right to Sue Letter. The claim and charge were timely and properly presented to the EEOC and, thus, this claim is timely brought within the applicable statutory period.

31.     Plaintiff has retained the services of the undersigned to represent him in this action and is obliged to pay for the legal services provided.

32.     The discrimination was used as the basis for employment decisions affecting Plaintiff and negatively affected the terms, conditions, and privileges of his employment and harmed Plaintiff.

33.     In response to Plaintiff's complaints, he was reprimanded and retaliated against. Management and/or employees were malicious and cruel and treated Plaintiff in a demeaning manner; management both directed and permitted Defendants, KIEHL'S, and Defendants, KIEHL'S, agents to punish Plaintiff for reporting discrimination.

34.     Management punished him with fake disciplinary write-ups.

35.     By Defendants, KIEHL'S, intentional and willful conduct, actions, and omissions, Defendant condoned and encouraged discrimination of Plaintiff.

36.     Plaintiff was treated differently and in a disparate manner than white employees and/or employees of different ethnicity and/or of different race because of the discrimination.

37.     Plaintiff was treated differently and in a disparate manner than employees who were not African American and/or was treated differently than those who were not Puerto Rican.

38.     Defendants acted with malice and reckless indifference in its actions. The severe and pervasive discrimination created a hostile environment that interfered with Plaintiff's work performance and created an intimidating and offensive work environment. The discrimination and mistreatment was well known to other agents and employees.

39.     Plaintiff's complaints of discrimination were disregarded, and submission to the

discrimination was implicitly a term or condition of Plaintiff's employment and continued employment.

40.     This discrimination constituted discrimination because of race and/or because of ethnicity and/or because of origin.

41.     The conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment.

42.     Plaintiff seeks recovery of all attorneys' fees and costs under Title VII; under 42 USC § 2000e-5(k); and all other applicable law.

**WHEREFORE,** the Plaintiff demands Trial by Jury, judgment against the Defendants for damages suffered, attorneys' fees; and such other relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF PAUL A. SACK, P.A.
1210 Washington Avenue, Ste. 245
Miami Beach, Florida 33139

Telephone: 305-397-8077
Facsimile:  305-763-8057

By:

/s/ *Paul A. Sack*
PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
Ps1619@bellsouth.net
R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com

# EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you **receive** this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before* 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request** **within 6 months** of this Notice.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: ████████ Burgos                                  From: **Miami District Office**
████████                                                   **Miami Tower, 100 S E 2nd Street**
                                                            **Suite 1500**
                                                            **Miami, FL 33131**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-04085 | Yolanda Ramirez, Investigator | (305) 808-1767 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Niza Santo Wright*                                          MAR 13 2019

Enclosures(s)

                                         Michael J. Farrell,                              (Date Mailed)
                                         District Director

cc:   Giordano Vita
      VP of Human Resources
      Kiehl's / L'oreal USA, Inc.
      10 Hudson Yards
      New York, NY 10001

9

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2019-017539-CA-01
SECTION: CA02
JUDGE: Alan Fine

**Anthony Burgos**

Plaintiff(s)

vs.

**Designer Fragrances & Cosmetics Company**

Defendant(s)

_____/

## CASE MANAGEMENT ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

THIS CAUSE came before the Court on May 22, 2020 for a Case Management Conference pursuant to the Court's Order and notice.  After reviewing Plaintiff's Motion to Amend Plaintiff's Complaint; having heard argument of counsel; and being otherwise fully informed, it is ORDERED AND ADJUDGED:

1. Plaintiff's Motion to Amend Plaintiff's Complaint is **GRANTED**.  The Amended Complaint attached to Plaintiff's Motion to Amend is deemed filed as of the date of this Order.
2. The Style is amended in this case to reflect all parties as follows: ANTHONY BURGOS vs. DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC. d/b/a KIEHL'S.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 26th day of May, 2020.

2019-017539-CA-01 05-26-2020 4:52 PM

2019-017539-CA-01 05-26-2020 4:52 PM
Hon. Alan Fine

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Paul A Sack, paul@paulsacklaw.com

Paul A Sack, ps1619@bellsouth.net

R. Brandon Deegan, deegan@paulsacklaw.com

**Physically Served:**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**DIVISION**      **CIVIL ACTION SECOND ALIAS SUMMONS**      **CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(   ) Other

**PLAINTIFF  vs.  DEFENDANTS**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S and**
**L'OREAL USA, INC. d/b/a KIEHL'S**

**CLOCK IN**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**   to serve this summons, and a copy of the **Amended Complaint** in this
action on the following named Defendant:

        **TO:**      **DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S**
                **c/o Registered Agent:**
                **Corporation Service Company**
                **1201 Hays Street**
                **Tallahassee, Florida 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's
Attorney:   Paul A. Sack, Esq.

Whose address is:      PAUL A. SACK, ESQ.
                1210 Washington Avenue
                Suite 245

Miami Beach, Florida 33139
Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        DATE_____
                                        Deputy Clerk

                                                                COURT SEAL

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**DIVISION       CIVIL ACTION SUMMONS      CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(   ) Other

**PLAINTIFF  vs.  DEFENDANTS**

                                                                        **CLOCK IN**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S and**
**L'OREAL USA, INC, d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**  to serve this summons, and a copy of the **Amended Complaint** in this
action on the following named Defendant:

        **TO:     L'OREAL USA, INC d/b/a KIEHL'S**
                **c/o Registered Agent:**
                **The Prentice-Hall Corporation System, Inc.**
                **251 Little Falls Drive**
                **Wilmington, Delaware 19808**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's
Attorney:   Paul A. Sack, Esq.

Whose address is:     PAUL A. SACK, ESQ.
                    1210 Washington Avenue
                    Suite 245

Miami Beach, Florida 33139
Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        DATE_____

Deputy Clerk

COURT SEAL

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**DIVISION       CIVIL ACTION SECOND ALIAS SUMMONS       CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(   ) Other

**PLAINTIFF  vs.  DEFENDANTS**

                                                     **CLOCK IN**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S and**
**L'OREAL USA, INC. d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**  to serve this summons, and a copy of the **Amended Complaint** in this action on the following named Defendant:

        **TO:**    **DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S**
                **c/o Registered Agent:**
                **Corporation Service Company**
                **1201 Hays Street**
                **Tallahassee, Florida 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:   Paul A. Sack, Esq.

Whose address is:       PAUL A. SACK, ESQ.
                              1210 Washington Avenue
                              Suite 245

Miami Beach, Florida 33139
Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.


**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____        6/2/2020

                              Deputy Clerk                    DATE

                                                        COURT SEAL

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**DIVISION**      **CIVIL ACTION SUMMONS**      **CASE NUMBER: 2019-017539-CA-01**

( X ) Civil

(   ) Other

**PLAINTIFF  vs.  DEFENDANTS**

                                                      **CLOCK IN**

**ANTHONY BURGOS,**

**vs.**

**DESIGNER FRAGRANCES & COSMETICS COMPANY**
**d/b/a KIEHL'S and**
**L'OREAL USA, INC, d/b/a KIEHL'S**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED**   to serve this summons, and a copy of the **Amended Complaint** in this action on the following named Defendant:

       **TO:**    **L'OREAL USA, INC d/b/a KIEHL'S**
                  **c/o Registered Agent:**
                  **The Prentice-Hall Corporation System, Inc.**
                  **251 Little Falls Drive**
                  **Wilmington, Delaware 19808**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:   Paul A. Sack, Esq.

Whose address is:      PAUL A. SACK, ESQ.
                            1210 Washington Avenue
                            Suite 245

Miami Beach, Florida 33139
Telephone: (305) 397-8077
E-mail: paul@paulsacklaw.com
Ps1619@bellsouth.net

within 20 calendar days after this Summons is served on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**HARVEY RUVIN, CLERK**

CLERK OF THE COURT        By:_____  DATE_____   6/2/2020

Deputy Clerk

COURT SEAL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTHONY BURGOS,

        Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC. d/b/a KIEHL'S,

        Defendants.

_____

CASE NO. 2019-017539-CA-01

## NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES

The law firm of LITTLER MENDELSON, P.C. enters the appearance of Sherril Colombo, Esq. and Stella Chu, Esq. as Counsel for and on behalf of the Defendants, DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S ("Designer Fragrances") and L'OREAL USA, INC. ("L'Oreal"), ("Defendants"), in the above-styled cause, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served upon them. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for service of papers in this matter.

        Primary E-mail:  SColombo@littler.com

        Primary E-mail:  SSChu@ittler.com

        Secondary E-mail:  KLJackson@littler.com

Date:  July 7, 2020

Respectfully submitted

*/s/ Stella Chu* _____

Sherril M. Colombo (FBN 948799)

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **2**

Stella Chu (FBN 060519)
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
E-mail: scolombo@littler.com
E-mail: sschu@littler.com
Secondary: kljackson@littler.com
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*Attorneys for Defendant Designer Fragrances &*
*Cosmetics Company and L'Oreal USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the Florida Court E-Filing, which will send a copy via email to the following: *Attorneys for Plaintiff* – Paul A. Sack, Esq., FBN 363103, and R. Brandon Deegan, Esq., FBN 117368, paul@paulsacklaw.com; ps1619@bellsouth.net; deegan@paulsacklaw.com.

/s/ Stella S. Chu
Stella S. Chu, Esquire

4834-5265-9138.1 054993.1137

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTHONY BURGOS,

          Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC. d/b/a KIEHL'S,

          Defendants.

CASE NO. 2019-017539-CA-01

_____

### DEFENDANTS DESIGNER FRAGRANCES & COSMETICS COMPANY AND L'OREAL USA, INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT

Defendants DESIGNER FRAGRANCES & COSMETICS COMPANY ("Designer Fragrances") and L'OREAL USA, INC. ("L'Oreal"), ("Defendants" collectively), by and through undersigned counsel, move for an unopposed extension of time up to and including July 24, 2020 within which to serve its response to Plaintiff's Amended Complaint. In support thereof, Defendants state as follows:

1.      On or about June 11, 2019, Plaintiff filed the instant action against Defendant Designer Fragrances & Cosmetics Company (only); the lawsuit was subsequently served on Defendant Designer Fragrances on August 22, 2019. Defendant Designer Fragrances was unaware that it had been served (until it investigated this claim in July 2020 after having become aware of the amended complaint described below) and following a default motion filed by Plaintiff, a Clerk's default was entered as to Designer Fragrances on January 8, 2020. Defendant Designer Fragrances intends to file an unopposed motion to set that default aside.

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **2**

2.      On May 12, 2020, Plaintiff moved to amend the Complaint to add Defendant L'Oreal to the lawsuit.  The lawsuit was deemed filed as of May 26, 2020 per the Court's May 26, 2020 order.

3.      The Amended Complaint was served on Defendant L'Oreal on June 17, 2020, making L'Oreal's response to the amended Complaint due on July 7, 2020.

4.      Undersigned counsel for both Defendants is still in the process of reviewing the pleadings and investigating Plaintiff's claims.   Accordingly, Defendants desire an extension of time up to and including July 24, 2020 so that they can properly evaluate Plaintiff's claims and to file a proper response.

5.      The undersigned conferred with Plaintiff's counsel, and Plaintiff's counsel has agreed to the relief requested herein.

6.      The requested extension will promote the interests of justice and serve judicial economy.  The requested extension will also not prejudice Plaintiff.

WHEREFORE, Defendant respectfully requests that this honorable Court grant Defendants' motion for extension of time and provide Defendants up to and including July 24, 2020 in which to respond to the Complaint.

Date:  July 7, 2020                              Respectfully submitted

                                        */s/ Stella Chu*
                                        Sherril M. Colombo (FBN 948799)
                                        Stella Chu (FBN 060519)
                                        LITTLER MENDELSON, P.C.
                                        Wells Fargo Center
                                        333 S.E. 2nd Avenue, Suite 2700
                                        Miami, Florida  33131
                                        E-mail:  scolombo@littler.com
                                        E-mail:  sschu@littler.com
                                        Secondary:  kljackson@littler.com
                                        Telephone: (305) 400-7500

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **3**

Facsimile:  (305) 603-2552

*Attorneys for Defendants Designer Fragrances &*
*Cosmetics Company and L'Oreal USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of July, 2020, I electronically filed the

foregoing with the Clerk of the Court using the Florida Court E-Filing, which will send a copy

via email to the following: *Attorneys for Plaintiff* – Paul A. Sack, Esq., FBN 363103, and R.

Brandon Deegan, Esq., FBN 117368, paul@paulsacklaw.com; ps1619@bellsouth.net;

deegan@paulsacklaw.com.

*/s/ Stella S. Chu*
Stella S. Chu, Esquire

4852-4002-1698.1 054993.1137

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2019-017539-CA-01
SECTION: CA02
JUDGE: Alan Fine

**Anthony Burgos**

Plaintiff(s)

vs.

**Designer Fragrances & Cosmetics Company et al**

Defendant(s)

_____/

### AGREED ORDER SETTING ASIDE CLERK'S DEFAULT RE DESIGNER FRAGRANCES & COSMETICS COMPANY ENTERED ON JANUARY 8, 2020

THIS CAUSE having come before the Court upon Defendant Designer Fragrances & Cosmetics Company's Unopposed Motion to Vacate or Set Aside Clerk's Default Entered on January 8, 2020 and the Court having reviewed the file and Plaintiff's counsel having agreed to the request sought herein and being otherwise advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

Defendant Designer Fragrances & Cosmetics Company's Unopposed Motion is hereby GRANTED. The Default Entered on January 8, 2020 is hereby vacated and/or set aside.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>9th day of July, 2020</u>.

<u>2019-017539-CA-01 07-09-2020 9:15 PM</u>
Hon. Alan Fine

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
KL Jackson, kljackson@littler.com
Paul A Sack, paul@paulsacklaw.com
Paul A Sack, ps1619@bellsouth.net
R. Brandon Deegan, deegan@paulsacklaw.com
Sherril M Colombo, scolombo@littler.com
Sherril M Colombo, KLJackson@littler.com
Stella Si-Ping Chu, sschu@littler.com
Stella Si-Ping Chu, KLJackson@littler.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

ANTHONY BURGOS,

        Plaintiff,

v.

DESIGNER FRAGRANCES &
COSMETICS COMPANY d/b/a
KIEHL'S and L'OREAL USA, INC.
d/b/a KIEHL'S,

        Defendants.

CASE NO. 2019-017539-CA-01

---

### DEFENDANT DESIGNER FRAGRANCES & COSMETICS COMPANY'S UNOPPOSED MOTION TO VACATE OR SET ASIDE CLERK'S DEFAULT JUDGMENT WITH MEMORANDUM OF LAW IN SUPPORT

Defendant, DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S ("Designer Fragrances"), pursuant to Florida Rule of Civil Procedure 1.540(b), hereby files its Unopposed Motion to Vacate or Set Aside Default, and in support thereof, states as follows:

1.      On June 11, 2019, Plaintiff filed the instant action against Designer Fragrances & Cosmetics Company.

2.      Designer Fragrances was served with the Summons[1] and Complaint in this action on August 11, 2019, via its Registered Agent in Florida.

3.      Designer Fragrances' responsive pleading, therefore, was due on September 11, 2019.

4.      No response was timely served or filed by Designer Fragrances due to a clerical error and oversight.

---

[1] There has since been an Amended Complaint filed adding L'Oreal USA, Inc. as an additional Defendant party.

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **2**

5.      On September 24, 2019, Plaintiff filed his Motion for Clerk's Default as to Designer Fragrances, followed by an amended Motion for Default on October 18, 2019.

6.      The Clerk issued a Clerk's default as to Designer Fragrances on January 8, 2020.

7.      On June 17, 2020, Co-Defendant L'Oreal USA, Inc., also represented by undersigned counsel, received notice of service of Plaintiff's Amended Complaint as it was sent to L'Oreal's Registered Agent.

8.      Upon receiving this Amended Complaint, Defendant L'Oreal retained undersigned counsel.  After examining the docket, undersigned counsel learned that Plaintiff served the Summons and Complaint on the Registered Agent of Designer Fragrances on August 22, 2019.

9.      Upon immediate discovery of this on July 3, 2020, undersigned counsel contacted Plaintiff's counsel to seek an agreement on this motion to vacate the Clerk's default.  Plaintiff's counsel agreed to this requested relief.

10.     Pursuant to Florida Rule of Civil Procedure 1.540(b)(1), a court may set aside a default judgment if it was the result of mistake, inadvertence, surprise or excusable negligence."

11.     A Party moving to vacate a default judgment must demonstrate three things: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from default.  *See e.g. Florida Eurocars, Inc. v. T.J. Pecorak*, 110 So.3d 513 (Fla. 4th DCA 2013).

12.     Excusable negligent is found where "inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of those foibles to which human nature is heir." *Florida Eurocars, Inc. v. T.J. Pecorak*, 110 So.3d 513 (Fla. 4th DCA

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **3**

2013).  Court have set aside defaults when the excusable negligent resulted from mishandling or misfiling of the initial pleadings.  *See Hialeah, Inc. d/b/a/ Hialeah Park v. Adams*, 566 So.2d 350 (Fla. 3rd DCA 1990).

13.     A meritorious defense is established by attaching an Answer which sets out in detailed a number of affirmative defenses.  *See Elliot v. Aurora Loan Services, LLC*, 31 So.3d 304 (Fla. 4th DCA 2010).

14.     Finally,  due diligence is established by taking affirmative and timely steps to file a motion to vacate the default and engage in contacting counsel to determine if the matter could "be resolved by agreement rather than by resort to the court."  *Florida Eurocars, Inc. v. T.J. Pecorak*, 110 So.3d 513 (Fla. 4th DCA 2013).

15.     More importantly, "Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits." *Elliot v. Aurora Loan Services, LLC*, 31 So.3d 304 (Fla. 4th DCA  2010).

16.     Here, Defendant Designer Fragrances first learned of the default only after receiving notification from undersigned counsel (on July 3, 2020) after L'Oreal was served on June 17, 2020 and proceeded to retain undersigned counsel.  Immediately after being retained by L'Oreal, undersigned counsel pulled the docket and then became aware of the default and forwarded that information to Defendant's in-house counsel.  Upon receiving notification of the clerk's default, it was discovered that Designer Fragrances was in fact served on August 22, 2019; however, nothing further was done as the complaint was misplaced due to an unusual internal oversight.   This unfortunate oversight is exactly the kind of secretarial or clerical error that Florida courts define as excusable error.  *See e.g. Hialeah, Inc.*, 566 So.2d at 350-351 (reversing a denial of a motion to vacate for abuse of discretion because "a defendant's neglect in

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **4**

responding to a complaint is excusable when the inadvertence was due to the mishandling or misfiling of suit papers.").

17.     Designer Fragrances would suffer great prejudice if this judgment is not vacated because it has meritorious defenses to Plaintiff's claims in this case.

18.     Further, on the same day of discovering this clerical error, undersigned counsel contacted Plaintiff's counsel to determine if the vacating of the Clerk's default "could be resolved by agreement," as prescribed in *Florida Eurocars, Inc.*, 110 So.3d at 516 ("defense counsel was entirely correct in contacting plaintiffs' [sic] counsel initially to determine if this matter could be resolved by agreement rather than by resort to the court.  This procedure should be encouraged, not penalized.").  Plaintiff's counsel agreed with the request sought.

19.     Since the default was a result of excusable neglect which Designer Fragrances has been timely addressed, this Court should vacate/set aside the default and allow the proceedings to be resolved on its merits.

Date:  July 9, 2020                              Respectfully submitted

                                                              */s/ Stella Chu*
                                                              Sherril M. Colombo (FBN 948799)
                                                              Stella Chu (FBN 060519)
                                                              LITTLER MENDELSON, P.C.
                                                              Wells Fargo Center
                                                              333 S.E. 2nd Avenue, Suite 2700
                                                              Miami, Florida  33131
                                                              E-mail:  scolombo@littler.com
                                                              E-mail:  sschu@littler.com
                                                              Secondary:  kljackson@littler.com
                                                              Telephone: (305) 400-7500
                                                              Facsimile:  (305) 603-2552

                                                              *Attorneys for Defendant Designer Fragrances &*
                                                              *Cosmetics Company and L'Oreal USA, Inc.*

*Burgos v. Designer Fragrances and L'Oreal*
Case No. 2019-017539-CA-01
P a g e | **5**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the Florida Court E-Filing, which will send a copy via email to the following: *Attorneys for Plaintiff* – Paul A. Sack, Esq., FBN 363103, and R. Brandon Deegan, Esq., FBN 117368, paul@paulsacklaw.com; ps1619@bellsouth.net; deegan@paulsacklaw.com.


*/s/ Stella S. Chu*
Stella S. Chu, Esquire

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTHONY BURGOS,

        Plaintiff,

v.

DESIGNER FRAGRANCES & COSMETICS COMPANY d/b/a KIEHL'S and L'OREAL USA, INC. d/b/a KIEHL'S,

        Defendants.

_____

CASE NO. 2019-017539-CA-01

**PROPOSED AGREED ORDER ON DEFENDANT DESIGNER FRAGRANCES & COSMETICS COMPANY'S UNOPPOSED MOTION TO VACATE OR SET ASIDE CLERK'S DEFAULT ENTERED ON JANUARY 8, 2020**

THIS CAUSE having come before the Court upon Defendant Designer Fragrances & Cosmetics Company's Unopposed Motion to Vacate or Set Aside Clerk's Default Entered on January 8, 2020 and the Court having reviewed the file and Plaintiff's counsel having agreed to the request sought herein and being otherwise advised in the premises, it is hereby:

        **ORDERED AND ADJUDGED** as follows:

Defendant Designer Fragrances & Cosmetics Company's Unopposed Motion is hereby GRANTED. The Default Entered on January 8, 2020 is hereby vacated and/or set aside.

        **DONE and ORDERED** in Chambers in Miami-Dade County, Florida, this _____ day of July 2020.

_____
HON. ALAN FINE
CIRCUIT COURT JUDGE

cc:  All Counsel of Record